# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01949-NCC |
| | ) | |
| JEFFERSON COUNTY COURTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Having reviewed plaintiff's previous filings, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He is a prolific filer of lawsuits, and since September 9, 2020, has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis. However, in the body of his complaint, plaintiff states: "Application to proceed in District Court without prepaying fees or costs. I am being held [at] ERDCC [and] only get $5.00 dollars a month." (Docket No. 1 at 1). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required fee.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming a total of thirteen defendants: the Jefferson County Jail Administration; the Jefferson County Sheriff's Department; the Jefferson County Sheriff; the Jefferson County Undersheriff; the Jefferson County District Courts; the Missouri District Courts; the Assistant Attorney General; the Attorney General; the Lieutenant Governor; the Governor; the Missouri House Representative; and both Missouri Senators. (Docket No. 1 at 2). Defendants are sued in both their individual and official capacities. (Docket No. 1 at 1).

In the complaint, plaintiff alleges that the use of "video court" is "not right" because it causes "to[o] many mistakes." (Docket No. 1 at 2). He further states that he has a "right to be in a court room in front of a judge." According to plaintiff, video is not professional, and he did not have the opportunity to see a lawyer ahead of time. He also claims that when he was sentenced, the judge and other people were laughing.

Plaintiff states that video court is mental "raping," and that it has caused him mental health trauma, PTSD, and nightmares. As a result, he seeks trillions of dollars in damages.

## Discussion

Plaintiff seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S.

2

199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id.* at 1765. For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

### B. Plaintiff's Previous "Strikes"

As noted above, since September 9, 2020, plaintiff has filed numerous civil actions in forma pauperis in this Court. His total number of cases now exceeds 130 civil actions. By December 21, 2020, at least three of those cases had been dismissed pursuant to 28 U.S.C. § 1915(e). Those cases are: (1) *Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Dec. 15, 2020); (2) *Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 18, 2020); and (3) *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo.

Dec. 21, 2020). The Court also notes that plaintiff was cautioned to avoid the practice of repeatedly filing frivolous and malicious complaints. *See Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020).

Plaintiff filed the instant action on December 29, 2020. By that date, however, plaintiff had already accrued the three strikes listed above. Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

### C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol,* 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin,* 319 F.3d at 1050.

In this case, plaintiff's allegations do not demonstrate that plaintiff is in imminent danger of serious physical injury, or that he is at any risk for an impending harm. To the contrary, plaintiff's complaint regards his displeasure with the use of video court, and does not implicate any actual or potential physical injury whatsoever. Because plaintiff has failed to show that the

exception to the three-strikes provision in § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of January, 2021.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE