**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:20-cv-01949-NCC |
| | ) |
| JEFFERSON COUNTY COURTS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis. However, in the body of his complaint, plaintiff states the following: "Application to proceed in District Court without prepaying fees or costs. I am being held [at] ERDCC [and] only get $5.00 dollars a month." (Docket No. 1 at 1). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required fee.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2), asserting that he cannot get a copy because the Department of Corrections "does not do [their] job." (Docket No. 1 at 2). Nevertheless, having reviewed the information provided by plaintiff, the Court will direct him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

2

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri.[2] At the time this case was filed, however, plaintiff was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre.

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

On December 29, 2020, the Court received a document from plaintiff that was construed as a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). On January 21, 2021, the Court denied plaintiff's motion for leave to proceed in forma pauperis and dismissed his complaint under the "three strikes" provision of 28 U.S.C. § 1915(g). (Docket No. 3; Docket No. 4). After dismissing the case, however, the Court determined that plaintiff had actually signed his complaint before accruing his third strike. As such, the Court vacated the dismissal. (Docket No. 6).

Despite his case being reopened, plaintiff filed a notice of appeal. (Docket No. 7). On March 5, 2021, the United States Court of Appeals for the Eighth Circuit dismissed the appeal for lack of jurisdiction. (Docket No. 12). The mandate was issued on April 2, 2021. (Docket No. 13).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming a total of fourteen[3] defendants: (1) the Jefferson County Courts; (2) the Jefferson County Jail Administrator; (3) the Jefferson County Sheriff's Department; (4) the Jefferson County Sheriff; (5) the Jefferson County Undersheriff; (6) the Jefferson County District Courts; (7) the Missouri District Courts; (8) the Assistant Attorney General; (9) the Attorney General; (10) the Lieutenant Governor; (11) the Governor; (12) the House Rep MO; (13) Senator MO #1; and (14) Senator MO #2. (Docket No. 1 at 2). Defendants are sued in both their individual and official capacities. (Docket No. 1 at 1).

In the complaint, plaintiff alleges that the use of "video court" is "not right" because it causes "to[o] many mistakes." (Docket No. 1 at 2). He further states that he has a "right to be in a

---

[3] In the case caption, plaintiff lists the Jefferson County Courts as a defendant, and then references "12 other defendants." This implies a total of thirteen defendants. However, plaintiff actually lists thirteen defendants, in addition to the Jefferson County Courts, for a total of fourteen. For the sake of completeness, the Court will treat the complaint as naming fourteen defendants in total.

4

court room in front of a judge." According to plaintiff, video is not professional, and he did not have the opportunity to see a lawyer ahead of time. He also claims that when he was sentenced, the judge and other people were laughing.

Plaintiff states that video court is mental "raping," and that it has caused him mental health trauma, PTSD, and nightmares. As a result, he seeks trillions of dollars in damages.

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. He has named a total of fourteen defendants, including three court systems, a sheriff's department, three Jefferson County employees, four state officials, and three United States officials. Because plaintiff is proceeding in forma pauperis, the Court has reviewed the complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Jefferson County Sheriff's Department

Plaintiff has named the Jefferson County Sheriff's Department as a defendant. However, the Sheriff's Department is a department of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, the claim against the Jefferson County Sheriff's Department must be dismissed.

5

Even if Jefferson County was substituted as the proper party defendant, plaintiff has still failed to state a claim. A local governing body such as Jefferson County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Jefferson County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

6

"A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

In this case, plaintiff has not presented facts supporting the proposition that his rights were violated due to an unconstitutional policy, custom, or failure to train on the part of Jefferson County.

With regard to an unconstitutional policy, plaintiff does not mention any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by" Jefferson County as causing him harm. He has certainly not shown that any Jefferson County official made "a deliberate choice of a guiding principle or procedure" that violated his constitutional rights. While plaintiff broadly complains about "video court," there are no facts connecting such court with a Jefferson County policy, or even that "video court" itself is violative of the constitution.

As to custom, plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Jefferson County employees, much less that Jefferson County policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Indeed, rather than demonstrating a "persistent pattern," plaintiff's facts, such as they are, concern a single instance in which plaintiff appeared for a video sentencing. A single occurrence is not sufficient to show a custom. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Likewise, plaintiff has not adequately asserted a failure to train or supervise, because none of his facts indicate a "pattern of similar constitutional violations by untrained employees." Indeed, far from alleging a pattern, he has not shown that even a single Jefferson County employee was responsible for a constitutional violation.

For these reasons, plaintiff has not properly stated a municipal liability claim. Thus, even if Jefferson County was substituted as the defendant in place of the Jefferson County Sheriff's Department, the claim would be subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061

8

(8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## B. Jefferson County Employees

Plaintiff has sued the Jefferson County Jail Administrator, Sheriff, and Undersheriff in both their official and individual capacities.

### i.   Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, the Jefferson County Jail Administrator, Sheriff, and Undersheriff are all employees of Jefferson County. As such, the official capacity claims against them are treated as claims against Jefferson County itself, their employer. However, as previously discussed, plaintiff has not stated a claim against Jefferson County, because he has not presented any allegations establishing that his constitutional rights were violated due to a Jefferson County policy, custom, or failure to train. *See Marsh*, 902 F.3d at 751 (recognizing "claims challenging an unconstitutional policy or custom,

9

or those based on a theory of inadequate training, which is an extension of the same"). Therefore, the official capacity claims against the Jefferson County Jail Administrator, the Jefferson County Sheriff, and the Jefferson County Undersheriff must be dismissed.

### ii.     Individual Capacity Claims

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has not presented any facts connecting the Jefferson County Jail Administrator, the Jefferson County Sheriff, or the Jefferson County Undersheriff with any violation of plaintiff's constitutional rights. None of these defendants are alleged to have been responsible for "video court," or to have played any role in plaintiff's sentencing hearing. In point of fact, aside from being listed as defendants, they are not mentioned anywhere else in the complaint. Because there is no indication that any of these three defendants played any role in the purported deprivation of plaintiff's constitutional rights, the individual capacity claims against them must be dismissed.

**C. State Officials**

Plaintiff has sued the Governor, Lieutenant Governor, Attorney General, and Assistant Attorney General in both their official and individual capacities.

**i.    Official Capacity Claims**

As noted above, in an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White*, 865 F.3d at 1075. These four defendants appear to be officials of the State of Missouri. Thus, the official capacity claims against them are actually claims against the state itself, which employs them. The claims fail for two reasons.

First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Because plaintiff is missing an essential element of a § 1983 action, the official capacity claims against the Governor, Lieutenant Governor, Attorney General, and Assistant Attorney General must be dismissed.

Second, the State of Missouri is protected by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal

court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). "A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general

12

language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

Here, plaintiff's official capacity claims for money damages against the four state employees are barred by the Eleventh Amendment. Moreover, no exception to sovereign immunity is present in this case. Therefore, for this reason as well, plaintiff's official capacity claims against the Governor, Lieutenant Governor, Attorney General, and Assistant Attorney General must be dismissed.

### ii.    Individual Capacity Claims

To state an individual capacity claim under 42 U.S.C. § 1983, plaintiff must demonstrate defendants' liability by establishing "a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga*, 442 F.3d at 1132. In this case, however, there are no facts connecting any of these four defendants with the challenged action. To the contrary, plaintiff merely lists these individuals by job title, and then provides the specific amount of damages he wants from each. For instance, he names the Assistant Attorney General as a defendant, and requests $1,100 trillion from this person. The Assistant Attorney General is not mentioned anywhere else in the complaint, nor are the other three state officials. Because plaintiff has not established the personal responsibility of the Governor, Lieutenant Governor, Attorney General, and Assistant Attorney General, the individual capacity claims against them must be dismissed.

### D. Jefferson County Courts, Jefferson County District Courts, and Missouri District Courts

Plaintiff has named the Jefferson County Courts, the Jefferson County District Courts, and the Missouri District Courts as defendants. The Court has construed these claims as being against

13

the state courts of Missouri. The claims fail because state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983, because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Therefore, these claims must be dismissed.

### E.  United States Officials

Plaintiff has sued a member of the House of Representatives and the two United States Senators from Missouri in both their official and individual capacities.

#### i.  Official Capacity Claims

A suit against a governmental officer in his official capacity is a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A U.S. Senator or a Member of the House of Representatives is an agent of the United States. *See Burke v. Allard*, 2007 WL 2697598, at *3 (D. Colo. 2007) (explaining that "defendant, a member of the United States Senate, is an agent of the United States"). As such, plaintiff's official capacity claims against these three defendants are actually claims against the United States itself.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4

14

(1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Here, plaintiff has not demonstrated a waiver of the sovereign immunity of the United States. He brings this action pursuant to 42 U.S.C. § 1983. However, § 1983 does not waive the United States' sovereign immunity. *See Walker v. Harmon*, 2016 WL 5376185, at *3 (D. S.D. 2016) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Aside from § 1983, plaintiff provides no other basis for such a waiver. Therefore, plaintiff's official capacity claims against the unnamed Member of the House of Representatives, and the two United States Senators must be dismissed.

### ii.   Individual Capacity Claims

The individual capacity claims against the three United States officials named as defendants must also be dismissed, as plaintiff has presented no factual allegations connecting any of these three persons with a violation of his constitutional rights. *See Mayorga*, 442 F.3d at 1132 (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Indeed, aside from identifying these officials, and noting the amount of monetary compensation he wants from each, plaintiff provides no factual allegations against them. Simply listing a person as a defendant is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations). Therefore, the individual capacity claims

15

against the member of the House of Representatives and the two United States Senators must be dismissed.

**F. Motion to Appoint Counsel**

In the body of his complaint, plaintiff moves for the appointment of counsel. (Docket No. 1 at 1). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of April, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE